UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ZEIDY M. PONCE CONEJO,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

        Defendant.

Case No. 2:14-cv-01557-MMD-PAL

ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE PEGGY A. LEEN

**I.    SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge Peggy A. Leen (ECF No. 27) ("R&R" or "Recommendation") regarding Plaintiff Zeidy M. Ponce Conejo's Motion for Reversal and/or Remand ("Motion to Remand") (ECF No. 18) and Defendant Acting Commissioner's Cross-Motion to Affirm ("Cross-Motion") (ECF No. 21). The Court has reviewed Plaintiff's objection to the R&R (ECF No. 28). Defendant did not file a response. The Court has also reviewed the administrative record[1] filed by Defendant (ECF Nos. 15, 17-1).[2]

For the following reasons, the Court finds good cause to accept and adopt the R&R in full.

**II.    BACKGROUND**

Plaintiff "protectively applied for a period of Title II disability and Disability Insurance Benefits" on December 30, 2010, "alleging that she had been disabled and unable to work

---

[1] For ease of reference, the Court will cite to the administrative record as AR.

[2] Defendant filed both a physical copy of the administrative record (ECF No. 15) and an electronic copy (ECF No. 17-1).

since July 20, 2010." (AR 10.) Plaintiff stated in her application that the following conditions limited her ability to work: cervical fusion, titanium disc in neck, pain in left arm, constant pain in spine, and depression. (AR 168.)

Plaintiff's application was initially denied in a letter dated October 17, 2011 (AR 86), and again on reconsideration in a letter dated May 25, 2012 (AR 95). An administrative law judge ("ALJ") held a hearing on May 9, 2013 (AR 40) and subsequently found that Plaintiff was not disabled in a decision dated June 12, 2013. (AR 7-33.) The Appeals Council denied review on August 5, 2014. (AR 1-4.)

In denying Plaintiff's application, the ALJ applied the five-step disability evaluation process set forth in 20 C.F.R. § 404.1520. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (describing the five-step process). The ALJ found that Plaintiff passed the hurdles set at steps one and two of the five-step process because she was not engaging in substantial gainful activity and she suffered from a number of severe impairments, including degenerative disc disease of the cervical and lumbar spine, seizure disorder, and adjustment disorder with mixed features. (AR 12.) The ALJ also found, however, that Plaintiff was not automatically presumed disabled at step three because her condition did not meet or equal any of the impairments listed in 20 C.F.R., Pt. 4, Subpt. P, App. 1. (*Id.*) The ALJ's decision that Plaintiff was not disabled therefore turned on his assessment (in between steps three and four) of Plaintiff's residual functional capacity ("RFC") and application of this RFC assessment at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity. . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps.").

In assessing Plaintiff's RFC, the ALJ found that Plaintiff could perform sedentary work as defined in 20 C.F.R. § 404.1567(a): "She could lift and carry no more than five pounds, frequently, and ten pounds, occasionally. She could sit for six hours, cumulatively, in an eight-hour workday. She could stand and/or walk for two hours, cumulatively, in an eight-hour workday." (AR 14-15.) While Plaintiff testified to additional limitations that would

establish a lower RFC, the ALJ rejected this testimony as only "partially credible." (AR 15.) The ALJ provided a host of reasons for discounting Plaintiff's credibility: her testimony was internally inconsistent (*see* AR 15, 20, 21); objective medical evidence did not corroborate the severity of her symptoms (AR 15, 22, 24); pending personal injury lawsuits (and potential awards of monetary damages) served as an incentive to avoid seeking work (AR 30); and her testimony was inconsistent with her conduct (AR 20, 22, 30), the notes of her treating physicians (AR 15, 23, 24), and her activities of daily living (AR 15-17).

The Magistrate Judge found "that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g)." (ECF No. 27 at 37.) Accordingly, the Magistrate Judge recommends that Plaintiff's Motion to Remand be denied and that the Commissioner's Cross-Motion be granted. (*Id.*)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.*

Congress has limited the scope of judicial review of the Commissioner's decisions to deny benefits under the Social Security Act. In reviewing findings of fact, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal quotation marks and citations omitted). The court must consider the entire record as a whole to determine whether substantial evidence exists, and it must consider evidence that both supports and undermines the ALJ's decision. *Id.* at 523 (citation omitted). "If the ALJ's finding is supported by substantial evidence, the court may not engage in second-guessing." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir.

2008). In weighing the evidence and making findings, the Commissioner must also apply the proper legal standards. *Id.* (citations omitted). Courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Additional rules govern credibility findings regarding claimants' pain and symptom testimony. "The ALJ must make two findings before the ALJ can find a claimant's pain or symptom testimony not credible." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citing 42 U.S.C. § 423(d)(5)(A)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide 'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity of the claimant's symptoms." *Id.* (citing *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996)). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

### IV. DISCUSSION

Plaintiff objects to the ALJ's determination that she was only partially credible. (*See* ECF No. 28 at 4-5.) The parties dispute only the second stage of the credibility analysis—whether the ALJ provided specific, clear, and convincing reasons supported by substantial evidence for rejecting Plaintiff's subjective testimony. The Court finds that, on the whole, the ALJ satisfied this standard, even though some of the reasons he provided were inadequate.

#### A. Plaintiff's First Objection

Plaintiff's first objection is that the ALJ erred by discounting her credibility on the basis of her ability to engage in activities of daily living. (ECF No. 28 at 4.) The ALJ

discounted Plaintiff's credibility based in part on his finding that Plaintiff "was functionally able to shop, go out to eat, talk on the telephone, watch television, take care of pets and her teenage son, do some household chores, prepare[] daily meals, and the like." (AR 16-17.)

The Magistrate Judge found that Plaintiff's activities of daily living "undermined her claims that she was incapable of doing sedentary unskilled work because of her pain." (ECF No. 27 at 32.) Upon further examination of the record, the Court finds that Plaintiff's activities of daily living are limited such that they in fact support her subjective pain testimony.

### 1.     Grocery Shopping

The first activity of daily living the ALJ cited was grocery shopping (AR 16-17), but the ALJ omitted critical details about how Plaintiff grocery shops. She requires assistance from her neighbor and son to get to the grocery store and to carry anything other than "small stuff." (AR 187, 235.) She also rests on the cart while shopping. (AR 189.) This limited ability to grocery shop does not constitute a clear and convincing reason for discounting her testimony.

### 2.     Going Out to Eat

The next activity of daily living the ALJ cited was going out to eat (AR 16-17), but it is unclear how frequently Plaintiff is able to go out to eat. A third party function report completed by a friend stated only that goes to "lunch when [a] friend takes her out." (AR 180.) The third party function report does not expressly indicate frequency, though it is possible that Plaintiff goes to lunch with a friend as infrequently as once every three months. (*See id.*) This does not constitute a clear and convincing reason for discounting Plaintiff's testimony.

### 3.     Telephone

The third activity the ALJ cited was talking on the telephone. (AR 16-17.) The record does not indicate that Plaintiff talks on the telephone while seated, which would be consistent with sedentary work. Plaintiff might use the telephone while lying down,

standing, reclining, or while changing positions. The record also does not indicate the duration of Plaintiff's telephone calls. Plaintiff's use of the telephone is not a clear and convincing reason for discounting her testimony.

### 4. Television

The fourth activity the ALJ cited was watching television. (AR 16-17.) The Ninth Circuit Court of Appeals has consistently held that simply watching television, without additional information about how the person watches television (e.g., seated, reclining, or lying down), does not constitute a clear and convincing reason for discounting symptom testimony. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004); *see also Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017).

### 5. Pet Care

The fifth activity the ALJ cited was pet care. (AR 16-17.) The record indicates that Plaintiff does little more than occasionally feed her dog. The more strenuous activities of walking and bathing the dog fall to her son. (AR 185, 204.) This does not constitute a clear and convincing reason for discounting Plaintiff's testimony.

### 6. Childcare

The sixth activity the ALJ cited was childcare. (AR 16-17.) Based on the record, Plaintiff's children take care of her, not the other way around. Her children drive her places (AR 184, 187); help her to get dressed (AR 204); buy groceries (AR 235); walk, bathe, and occasionally feed the dog (AR 185, 204); cook (AR 186); vacuum (*id.*); do "heavy duty jobs around the house" (*id.*); assist her with laundry (*id.*); and clean (AR 178). Plaintiff alleges that she takes care of her children by "providing for them" (presumably financially) and by reminding them to do their school work—"the rest, they do them[selves]." (AR 185.) These childcare activities do not clearly and convincingly demonstrate that her testimony is not credible.

### 7. Household Chores

The seventh activity the ALJ cited was household chores. (AR 16-17.) In a third party function report, a friend wrote that Plaintiff does laundry and light cleaning. (AR 178.)

The friend also noted that Plaintiff's son helps with "house chores she can't do (mop floors, vac[uum])." (*Id.*) Plaintiff elaborated on her ability to do laundry in her function report: "I do need help from my boys to pick up the clothes bas[k]ets from the floor, and take the clothes out [of] the w[]asher into the dryer and [room]." (AR 186.) The Court does not find that Plaintiff's ability to do light housework and to do laundry with substantial assistance constitutes a clear and convincing reason supported by substantial evidence for discounting her testimony.

### 8. Daily Meal Preparation

The eighth activity the ALJ cited was daily meal preparation. (AR 16-17.) Plaintiff indicated that her children help her to cook and that she only cooks small meals such as "piece[s] of fish, eggs, [and] sandwi[ches]." (AR 186.) This minimal food preparation work does not constitute a clear and convincing reason for discounting Plaintiff's subjective symptom testimony.

In sum, the Court agrees with Plaintiff that her daily living activities do not amount to clear and convincing reasons for discounting her testimony. However, the ALJ's error is harmless because the ALJ offered other specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective testimony.

## B. Plaintiff's Second Objection

Plaintiff contends that the ALJ further erred by discounting her credibility on the basis of medical opinions and testimony that contradicted her own testimony. (ECF No. 28 at 5.) Plaintiff contends that an ALJ, in finding a claimant not credible, only can rely on "reasons unrelated to the subjective testimony (e.g., reputation for dishonesty), internal contradictions in the testimony, or conflicts between the claimant's testimony and the claimant's conduct (e.g., daily activities, work record, unexplained or inadequately explained failure to seek treatment or to follow prescribed course of treatment." (ECF No. 28 at 5 (citing *Orn v. Astrue,* 495 F.3d 625, 636 (9th Cir. 2007).)

Plaintiff mischaracterizes the relevant law. The ALJ may consider contradictions between a claimant's testimony and medical sources in assessing the severity of the

claimant's symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); SSR 16-3p, 82 Fed. Reg. 49,462, 49,465 (Oct. 25, 2017). Accordingly, the ALJ properly considered the following inconsistencies between Plaintiff's testimony and medical sources: Plaintiff was prescribed fewer medications than what she reported in a filing with the Social Security Administration (AR 15 (citing AR 233)); the record reflected that Plaintiff's medication regimen was quite helpful and controlled her spinal pain (AR 15); and Plaintiff expressed satisfaction with her third cervical surgery, contrary to her allegations of total disability (AR 21).

Even setting aside inconsistencies between Plaintiff's testimony and medical sources, the ALJ provided other clear and convincing reasons supported by substantial evidence for discounting Plaintiff's credibility. For example, Plaintiff did not seek or receive treatment for her alleged head and spinal injuries on the day of the car accident giving rise to her alleged disability, and Plaintiff's pending personal injury lawsuits served as an incentive to exaggerate her symptoms in order to avoid work and maximize the potential award of monetary damages. (AR 30.)

The ALJ provided numerous specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's testimony. Although the ALJ considered some reasons that were not clear and convincing, this constitutes harmless error given the ALJ's additional reliance on reasons that satisfied the clear-and-convincing standard.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered, adjudged, and decreed that the Report and Recommendation of Magistrate Judge Peggy A. Leen (ECF No. 27) is accepted and adopted in full.

///

It is further ordered that Plaintiff's Motion to Remand (ECF No. 18) is denied.

It is further ordered that Defendant's Cross-Motion to Affirm (ECF No. 21) is granted.

The Clerk is directed to enter judgment and close this case.

DATED THIS 29th day of November 2017.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE